August 9, 2006

```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


MARY E. JACQUE                          CIVIL ACTION

VERSUS                                  NO: 05-2742

ORLANDO RENTALS, INC., ET               SECTION: "A" (4)
AL.
```

### ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 20)** filed by defendants Orlando Rentals, Inc. and John Orlando. Plaintiff, Mary Jacque, opposes the motion. The motion, set for hearing on August 9, 2006, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED.

**I.   BACKGROUND**

This suit had its origins in the Justice of the Peace Court for Jefferson Parish. On May 26, 2005, a final judgment was rendered by the Justice of the Peace effectively granting to

Defendants ownership of a house trailer on Airline Highway. Mary Jacque, plaintiff herein ("Plaintiff"), claims to be the rightful owner of the trailer. Plaintiff filed a petition for a trial de novo before the state district judge. In that petition, Plaintiff for the first time alleged federal civil rights violations in conjunction with Defendants' refusal to lease her a space in their trailer park. Defendants then removed the suit to this Court claiming federal question jurisdiction. At a status conference held on June 29, 2006, the Court clarified that the only viable federal claim alleged, given Defendant's status as a non-state actor, is whether Defendant refused to lease Plaintiff a space in the trailer park on account of her race, 42 U.S.C. § 1981. (Rec. Doc. 19).

Defendants now move for summary judgment asserting that Plaintiff's racial discrimination claims are prescribed.

## II.  DISCUSSION

Defendants argue that Plaintiff's racial housing discrimination claims are prescribed. Defendants assert that Plaintiff's claims are governed by the one year prescriptive period provided in Louisiana Civil Code article 3492. Plaintiff did not file a claim of discrimination until June 2, 2005, yet the alleged discrimination occurred on or about March 4, 2004.

In opposition, Plaintiff asserts that the Fair Housing Act,

2

La. R.S. §§ 51:2601-2614, provides the applicable prescriptive period, and that such period is two years whether the action is filed in federal or state court.

The two year statute of limitations provided by La. R.S. § 51:2613 governs housing discrimination claims brought pursuant to the Equal Housing Opportunity Act, La. R.S. § 51:2601, et seq. Plaintiff correctly asserts that this two year prescriptive period governs a claim brought under the Act whether the claim is filed in state or federal court.

However, the statute of limitations governing Plaintiff's federal claims brought under 42 U.S.C. § 1981 is a question of federal law not state statutory law.  The law is well-settled that federal courts "borrow" the state prescriptive period for delictual actions when determining whether a civil rights claim is timely. See St. Amant v. Benoit, 806 F.2d 1294, 1296 n.1 (5th Cir. 1987) (citing Wilson v. Garcia, 471 U.S. 261 (1985)).  In Louisiana, delictual actions are subject to a one year prescriptive period. La. Civ. Code art. 3492.

The alleged discrimination in this case occurred on or about March 4, 2004.  Plaintiff did not file a civil rights complaint until June 2, 2005, more than one year after the alleged discrimination occurred.  Plaintiff's federal civil rights claim is therefore untimely and must be dismissed.

Because the civil rights claim was the only federal claim that Plaintiff asserted, the Court has now dismissed all claims over which it had original jurisdiction.  The Court declines to exercise jurisdiction over the remaining state law claims.  28 U.S.C. § 1367(c)(3).

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 20)** filed by defendants Orlando Rentals, Inc. and John Orlando should be and is hereby **GRANTED**.  Plaintiff's federal civil rights claims are **DISMISSED** with prejudice;

**IT IS FURTHER ORDERED** that Plaintiff's remaining state law claims are **REMANDED** back to First Parish Court for the Parish of Jefferson.

* * * * * * * *

4